UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELL BLANCO,<br><br>　　　Plaintiff<br><br>v.<br><br>JACOBY, et al.,<br><br>　　　Defendants | Case No.: 3:20-cv-00050-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 40 |

　　This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　Plaintiff has filed a motion which is titled "Summary Judgment & Relief Injunctive." (ECF No. 40.) The substantive part of the motion, however, only references injunctive relief and not summary judgment. Nor does the motion comport with the rules for seeking summary judgment. As such, the court construes Plaintiff's motion as only seeking injunctive relief. Defendants filed a response. (ECF No. 46.) Plaintiff did not file a reply.

　　After a thorough review, it is recommended that Plaintiff's motion be denied because he requests relief that is not related to the claims proceeding in this action.

**I. BACKGROUND**

　　Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (ECF No. 5.) The court screened Plaintiff's complaint and allowed Plaintiff to proceed with the following claims: (1) an Eighth Amendment sexual harassment claim against defendant Maldonado; (2) an Eighth Amendment conditions of confinement claim against defendant Maldonado based on allegations

that Maldonado deliberately put trash in Plaintiff's food, denied him food, and deprived him of sleep by shining a light in Plaintiff's face and making loud noises at night; and (3) an Eighth Amendment claim against Jacoby based on allegations that Jacoby falsely told others Plaintiff was a homosexual and child molester which caused Jacoby's co-workers to spit in Plaintiff's food. (ECF No. 4.)

In this motion, Plaintiff states that he adheres to the Nation of Islam religion. He seeks an order that he be able to practice his religion.

## II. DISCUSSION

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.'" *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id*. (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

Plaintiff argues that Maldonado and Jacoby violated his rights under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) by denying his religious diet and practice.

Plaintiff is not proceeding in this action with religious claims under the First Amendment's Free Exercise Clause or RLUIPA. Instead, the court found he states colorable claims for violation of his rights under the Eighth Amendment. Plaintiff is not asking for relief of

the same nature that the court may ultimately grant in this lawsuit. Instead, he seeks an order that he be able to practice his religion, which is a remedy that will not be provided if Plaintiff is successful on his underlying Eighth Amendment claims. Therefore, Plaintiff's motion for injunctive relief should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for injunctive relief (ECF No. 40).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 26, 2022

_____
Craig S. Denney
United States Magistrate Judge