UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELL BLANCO,<br><br>   Plaintiff<br><br>v.<br><br>JACOBY, et al.,<br><br>   Defendants | Case No.: 3:20-cv-00050-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 41 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' Motion for Summary Judgment. (ECF Nos. 41, 41-1 to 41-19, 43-1, 43-2.) Plaintiff filed a response. (ECF Nos. 47, 48.) Defendants filed a reply. (ECF No. 49.)

After a thorough review, it is recommended that Defendants' motion be granted in part and denied in part.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (ECF No. 5.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*)

The court screened Plaintiff's complaint and allowed him to proceed with three (3) Eighth Amendment claims. (ECF No. 4.) First, Plaintiff was allowed to proceed with an Eighth Amendment claim against defendant Javier Maldonado based on alleged persistent sexual harassment.

Second, Plaintiff was allowed to proceed with an Eighth Amendment conditions of confinement claim against Maldonado. Plaintiff alleges that when he did not respond to Maldonado's advances, Maldonado started to put trash in Plaintiff's food, denied him a food plate, or gave Plaintiff his food plate last because Maldonado did not want to be the one to feed Plaintiff. In addition, Plaintiff avers that Maldonado made sure to keep Plaintiff awake at night by beating on the window/door of his cell every two hours, opening and closing the cell doors, and then would smile at Plaintiff and flash a light over Plaintiff's face repeatedly.

Third, Plaintiff was allowed to proceed with an Eighth Amendment claim against defendant Alice Jacoby based on allegations that Jacoby began to tell medical personnel, inmates and others that Plaintiff is in prison for being a homosexual who likes to have sex with little boys. After making these comments, Plaintiff avers that her co-workers spit in his food.

Defendants move for summary judgment, arguing: (1) there is no evidence Maldonado or Jacoby engaged in any of the conduct attributed to them; (2) when Plaintiff alleges these events occurred, Maldonado was working at Southern Desert Correctional Center (SDCC), and not at ESP; (3) Plaintiff did not properly exhaust his administrative remedies; and (4) most of the claims are barred by the statute of limitations.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome

of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations

omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

**A. Rule 56(d) Request**

In his response, Plaintiff argues that the motion should be denied because discovery has not been completed in full. Plaintiff states that the video, the officers who witnessed the incident, and their declarations have been kept from Plaintiff. He also states he has been deprived of the declaration and documents from the Defendants' administrative disciplinary proceedings, and he

does not have their employee files. The court construes this as a request to deny the motion under Federal rule of Civil Procedure 56(d).

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"Rule 56(d) provides a 'device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). "A party seeking additional discovery under Rule 56(d) must 'explain what further discovery would reveal that is essential to justify [its] opposition to the motion[ ] for summary judgment.'" *Id.* (quoting *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980) (alterations original, quotations omitted).

"[T]he evidence sought must be more than 'the object of pure speculation.'" *Id.* (citation omitted). "A party seeking to delay summary judgment for further discovery must state 'what other *specific* evidence it hopes to discover [and] the relevance of that evidence to its claims.'" *Id.* (quoting *Program Eng'g*, 634 F.2d at 1194) (alteration and emphasis original).)

"In particular, '[t]he requesting party must show [that]: (1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Id.* (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)) (emphasis and alteration original).

Plaintiff briefly references a video, declarations of unidentified officers, and the Defendants' employee files and disciplinary proceedings, but Plaintiff does not include an affidavit or declaration stating the *specific facts* he seeks to elicit from further discovery or why those facts are essential to oppose the motion for summary judgment.

The court entered a scheduling order on April 20, 2021, setting the discovery completion deadline for July 19, 2021. (ECF No. 13.) Magistrate Judge William G. Cobb (now retired) extended the discovery completion deadline to October 25, 2021, at Plaintiff's request. (ECF Nos. 15, 19.) At the hearing, Judge Cobb ordered defendants to produce certain documents, including all grievances and medical requests forms relevant to this case, and ordered that Plaintiff be allowed to review his medical and psychiatric records. Defendants also indicated they would respond to Plaintiff's interrogatories. (ECF No. 19.)

Plaintiff did not file a motion to compel. Nor did he seek to extend the discovery completion deadline further. It appears he had sufficient time to conduct discovery to oppose Defendants' motion for summary judgment.

For these reasons, Plaintiff's request to deny the motion for summary judgment under Rule 56(d) should be denied.

**B. Maldonado at ESP**

Plaintiff alleges the persistent sexual harassment asserted in Count 1 against Maldonado took place at ESP in 2016-2017. (ECF No. 5 at 4-5.) Then, Plaintiff alleges in 2019, Maldonado was assigned to his unit and would call Plaintiff to have sexual conversations, and make loud noises by opening and closing the cell door. (*Id*. at 5.)

Defendants provide a declaration from Chontiara Sargent-Russum, a personnel technician in NDOC's human resources division, stating that Maldonado has been employed with NDOC

since May 11, 2015; he worked at ESP from May 11, 2015 until June 8, 2015; he was then transferred to Southern Desert Correctional Center (SDCC) on June 8, 2015, and was there until March 25, 2019; he returned to ESP on March 25, 2019, and has been employed there until the present time. (ECF No. 41-2.)

Plaintiff's grievance documentation creates a genuine dispute of material fact as to whether Maldonado was working at ESP in 2016 and 2017, as he submitted multiple grievances alleging wrongdoing by Maldonado during that time period. None of the grievance responses or findings by the Inspector General's Office state that Maldonado was not working at ESP during the relevant timeframe. (*See* ECF Nos. 41-7, 41-9, 41-10.)

Therefore, summary judgment should not be granted in Maldonado's favor on this basis.

**C. Exhaustion**

**1. Standard**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). Unless the failure to exhaust is clear from the face of the complaint, the defense must be raised in a motion for summary judgment. *See id*. (*overruling in*

*part Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) which stated that failure to exhaust should be raised in an "unenumerated Rule 12(b) motion").

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Id*., 1168, 1170-71 (citations omitted).

Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)); *Draper v. Rosario,* 836 F.3d 1072, 1080 (9th Cir. 2016) (inmate plaintiff did not meet his burden when he failed to identify any actions prison staff took that impeded his ability to exhaust his administrative remedies, or otherwise explain why he failed to comply with the administrative remedies process)). The ultimate burden of proof, however, remains with the defendant. *Id*.

Exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id*. (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "[s]ection 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the 'critical procedural rules' of that process." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (quoting *Woodford,* 548 U.S. at 90). "[I]t is the prison's requirements, and

not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

**2. NDOC's Exhaustion Procedure**

NDOC's grievance system is governed by Administrative Regulation (AR) 740, which requires an inmate proceed through three levels to exhaust a grievance: the informal, first, and second levels. (ECF Nos. 41-4, 41-5, 41-6.)

**3. Plaintiff's Grievances about Maldonado**

Defendants submit evidence that Plaintiff filed six (6) grievances about Maldonado: 2006-30-20183, 2006-30-40100, 2006-30-40115, 2006-30-86908, 2006-30-88255, 2006-30-88256. (ECF Nos. 41-7, 41-9, 41-10, 41-13, 41-14, 41-15.)

The first three grievances against Maldonado (2006-30-20183, 2006-30-40100, 2006-30-40115) were forwarded to the Inspector General's Office for review and the Inspector General determined the allegations were unfounded. (ECF No. 41-7 at 2-3; ECF No. 41-9 at 2, 5, 41-10 at 3, 5, 41-11 at 2.) The version of AR 740 in effect when this grievance was filed states that an inmate who is dissatisfied with the response to a grievance at any level may appeal the grievance to the next level. (ECF No. 41-4 at 4.) Plaintiff did not proceed through the second level for any of these grievances. Plaintiff presents no evidence or argument that he ever completed the grievance process for these grievances, or that the grievance process was unavailable to him. Therefore, these grievances did not serve to exhaust his administrative remedies for the claims against Maldonado.

In response to the fourth grievance filed against Maldonado, 2006-30-86908, Plaintiff received an improper grievance memorandum at the first level grievance because he did not attach the informal response to the first level grievance. He was instructed to resubmit the

9

grievance with everything attached at the first level. (ECF No. 41-13 at 4.) It appears he did not do so. Instead, he filed another first level grievance, which was deemed improper on the same basis. (*Id*. at 2.) Again, Plaintiff failed to resubmit the first level grievance with the informal level attached. Plaintiff presents no argument or evidence that he completed the grievance process through the second level or that the grievance process was unavailable to him.

Plaintiff's fifth grievance against Maldonado, 2006-30-88255, was rejected as improper at the informal level because the form was altered. He was instructed to resubmit the informal level grievance, but it does not appear he did so. Again, Plaintiff presents no evidence or argument that he completed the grievance process or that the process was unavailable to him.

Finally, Plaintiff's sixth grievance against Maldonado, 2006-30-88256, was rejected at the informal level twice, with a notation that he had improperly filed more than one grievance per week in contravention of AR 740. (ECF No. 41-15 at 2, 3.) Plaintiff presents no argument that he refiled this grievance during another week, or that the grievance process was rendered unavailable to him.

In sum, Defendants present evidence demonstrating that Plaintiff failed to properly exhaust his administrative remedies with respect to the claims against Maldonado. The time for Plaintiff to grieve these issues has passed under AR 740. Therefore, summary judgment should be granted in Maldonado's favor.

**4. Plaintiff's Grievances about Jacoby**

Defendants submit evidence that Plaintiff filed two grievances about Jacoby: 2006-30-85942 and 2006-30-89706. (ECF Nos. 41-12, 41-16.)

Plaintiff filed a grievance against Jacoby in August of 2019, 2006-30-89706, stating he has been under death threats and harassment by Jacoby. (ECF No. 41-16 at 5-8.) Plaintiff

10

received improper grievance memoranda at the informal and first levels, and it does not appear he corrected the noted deficiencies and proceeded through the second level. (*Id*. at 2-4.) Plaintiff presents no argument or evidence that he completed the grievance process or that the process was unavailable to him. Therefore, grievance 2006-30-89706 does not exhaust his administrative remedies.

Defendants acknowledge that grievance 2006-30-85942 asserts that Jacoby said Plaintiff is a pervert who likes little boys and the officer escorting him confirmed Jacoby said this, and said that she wished Plaintiff would be killed. Plaintiff also claimed that Jacoby called him a child molester and boy lover, and she caused inmates to call him these things too, which resulted in death threats and adverse actions against him. Defendants admit that Plaintiff completed grievance 2006-30-85942 through the second level. (ECF No. 41 at 7; *see also* ECF No. 41-12.) Defendants do not argue that this grievance did not put the prison on notice of the claims being asserted against Jacoby. In fact, grievance 2006-30-85942, is not discussed in the argument portion of Defendants' brief regarding exhaustion. (*See* ECF No. 41 at 17-18.) Therefore, Plaintiff has exhausted his administrative remedies as to Jacoby through grievance 2006-30-85942. The court will now address Defendants' remaining arguments with respect to Jacoby.

**D. Statute of Limitations**

Defendants' argument about the statute of limitations is limited to allegations against Maldonado. (ECF No. 41 at 18-19.) Therefore, summary judgment should not be granted in Jacoby's favor on this basis.

**E. Merits of the Eighth Amendment Claim against Jacoby**

On screening, Plaintiff was allowed to proceed with an Eighth Amendment claim against Jacoby because Plaintiff alleged that Jacoby deliberately and knowingly exposed Plaintiff to a

11

significant risk of harm. (ECF No. 4 at 7-8.) It bears repeating here that the court allowed Plaintiff to proceed with this Eighth Amendment claim against Jacoby based only on the allegations that Jacoby falsely told others that he was a homosexual child molester and that this caused Jacoby's co-workers to spit in his food. (*Id*.) The conditions of confinement claim about putting trash in his food and denying Plaintiff food was allowed to proceed only against Maldonado. (*Id*.) Therefore, the court will disregard Defendants' arguments that *Jacoby* was not responsible for Plaintiff failing to receive his double portions.

Jacoby's remaining argument is that there is no evidence she told others Plaintiff was a homosexual child molester and this caused Jacoby's co-workers to spit in his food. She contends staff denied making these statements. Jacoby points out Plaintiff's grievance was rejected for containing obscene, profane, or derogatory language. (ECF No. 41 at 15.) The fact that his grievance was rejected at one level for containing inappropriate language has no bearing on whether Jacoby made these statements or whether her co-workers spit in his food as a result of the statements. Jacoby also relies on the fact that grievance responses indicate staff denied making these statements. While the grievance responses indicate staff denied making these statements, Plaintiff's verified complaint, as well as his grievances alleging this conduct occurred, create a genuine dispute of material fact as to whether Jacoby made these statements and whether the statements resulted in her co-workers spitting in his food. Therefore, summary judgment should be denied as to Jacoby.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's request under Rule 56(d), and **GRANTING** Defendants' motion for summary judgment (ECF No. 41) as to defendant Maldonado, but **DENYING** it as to Jacoby.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the District Court.

Dated: March 30, 2022

_____
Craig S. Denney
United States Magistrate Judge