UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHELL BLANCO, et al.,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>JACOBY, ET AL.,<br><br>　　　　　　　　Defendants. | Case No. 3:20-cv-00050-ART-CRD<br><br>ORDER |

　　*Pro se* Plaintiff Michell Blanco ("Blanco") brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig Denney (ECF No. 58), recommending that this Court enter an order denying Plaintiff's request under Rule 56(d), and granting Defendants' motion for summary judgment (ECF No. 41) as to defendant Maldonado, but denying it as to defendant Jacoby. Also before the Court is Blanco's motion to dismiss his previous opposition to the R&R (ECF No. 74) and motion for appointment of counsel (ECF No. 75).[1] For the reasons explained below the Court adopts the R&R, grants Jacoby's motion to dismiss his opposition to the R&R (ECF No. 74), and grants in part his motion for appointment of counsel (ECF No. 75) .

　　Three Eighth Amendment claims in this case survived screening. (ECF No. 4.) First, Blanco was allowed to proceed with an Eighth Amendment claim against defendant Maldonado based on alleged persistent sexual harassment. Second, Blanco was allowed to proceed with an Eighth Amendment conditions of confinement claim against Maldonado. Blanco alleges that when he did not respond to Maldonado's advances, Maldonado started to put trash in Plaintiff's

---

[1] ECF Nos. 74 and 75 are duplicates. Because Blanco requests two different forms of relief in one pleading, the Court docketed ECF No. 74 as Blanco's request to adopt the R&R.

food, denied him a food plate, or gave Blanco his food plate last because Maldonado did not want to be the one to feed Blanco. In addition, Blanco avers that Maldonado made sure to keep Plaintiff awake at night by beating on the window/door of his cell every two hours, opening and closing the cell doors, and then would smile at Plaintiff and flash a light over Plaintiff's face repeatedly. Third, Plaintiff was allowed to proceed with an Eighth Amendment claim against defendant Jacoby based on allegations that Jacoby began to tell medical personnel, inmates, and others that Plaintiff is in prison for being a homosexual who likes to have sex with little boys. After making these comments, Blanco avers that Jacoby's co-workers spit in his food.

Defendants moved for summary judgment, arguing: (1) there is no evidence Maldonado or Jacoby engaged in any of the conduct attributed to them; (2) when Plaintiff alleges these events occurred, Maldonado was working at Southern Desert Correctional Center (SDCC), and not at ESP; (3) Plaintiff did not properly exhaust his administrative remedies; and (4) most of the claims are barred by the statute of limitations.

Blanco responded that the Defendants' motion for summary judgment should be denied because discovery has not been completed in full. Judge Denney construed his argument as a request to deny the motion under Federal rule of Civil Procedure 56(d), which allows a court to defer or deny a motion, allow additional time to obtain evidence or take discovery, or issue any other appropriate order if a nonmovant shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify opposition. Fed. R. Civ. P. 56(d). Judge Denney rejected Jacoby's request to deny the motion for summary judgment because he did not demonstrate what facts he could obtain through additional time or additional discovery that would help him oppose Defendants' motion for summary judgment.

Judge Denney found that Defendants presented evidence demonstrating that Plaintiff failed to properly exhaust his administrative remedies with respect to the claims against Maldonado. The time for Plaintiff to grieve these issues has passed under AR 740. Therefore, he recommended summary judgment should be granted in Maldonado's favor.

The Eighth Amendment claim against Jacoby is based only on the allegations that Jacoby falsely told others that he was a homosexual child molester and that this caused Jacoby's co-workers to spit in his food. Judge Denney found that Blanco has exhausted his administrative remedies as to Jacoby. Judge Denney also found that there was a genuine dispute of material fact as to whether Jacoby made these statements and whether the statements resulted in her co-workers spitting in his food. Therefore, he recommended summary judgment should be denied as to Jacoby.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Defendants do not object to the R&R. Blanco did initially object but no longer objects to the R&R. Blanco initially filed a "Letter from Plaintiff to DAG Dorame" (ECF No. 60) along with a "Notice on Maldonado Defendant, Plaintiff Not Failed to Exhaust the Grievance Process" (ECF No. 63). He subsequently

moved the Court to dismiss his objections, adopt the R&R, and appoint counsel. (ECF Nos. 74; 75.)

Because there is no objection, the Court need not conduct de novo review, and is satisfied Magistrate Judge Denney did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

The Court will also appoint counsel for the purposes of engaging in settlement negotiations and, if no settlement is reached, to represent Blanco at trial. In limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The Court previously denied Blanco's request for counsel (ECF No. 28) despite Blanco's lack of fluency in English reasoning that the issues were not very complex, and Blanco had demonstrated an ability to litigate his case. In light of changed circumstances, specifically Blanco's now-imminent jury trial, the Court finds that exceptional circumstances now justify the appointment of counsel. To determine whether exceptional circumstances exist, a court must consider: (1) the likelihood of success on the merits; and (2) the ability of the petitioner to articulate their claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Blanco has one claim that has survived despite numerous challenges by an adversary well represented by counsel. Based on the Court's review of the record there is a likelihood of success on the merits. While Blanco represented himself during the initial phases of this case, trying his case to a jury is a significantly more complex undertaking. This is particularly so given his alleged lack of fluency in English. The experience of taking a claim through jury trial is not part of the "difficulties which any litigant would have in proceeding pro se[.]" *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Courts recognize that appointment of counsel at a jury trial may be justified even if the court declined to appoint counsel earlier in the case. See *Walker v. Price*, 900 F.3d 933,

939-942 (7th Cir. 2018) (district court erred in denying prisoner's pre-trial request for counsel at his jury trial). The assistance of counsel becomes increasingly important as litigation enters its later stages and the tasks become more complex. *Perez v. Fenolgio,* 792 F.3d 768, 785 (7th Cir. 2015) ("Taking depositions, conducting witness examinations, applying the rules of evidence, and making opening statements are beyond the ability of most pro se litigants to successfully carry out."). So, while a pro se plaintiff may be able to adequately articulate their claims on paper at the pretrial stage, presentation of evidence at trial requires greater knowledge of legal rules and procedures as well as increased technical skills in public speaking and presentation. Appointed counsel also can assist the court in handling the trial "more efficiently and effectively." *Johnson v. California,* 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

For these reasons, the Court finds that extraordinary circumstances now exist which merit the appointment of counsel for Blanco. As such, the Court will appoint pro bono counsel to represent Blanco for all purposes, including a settlement conference and trial.

IT IS THEREFORE ORDERED that Magistrate Judge Denney's Report and Recommendation (ECF No. 58) is accepted and adopted in full;

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (ECF No. 41) is GRANTED as to defendant Maldonado, but DENIED as to defendant Jacoby;

IT IS FURTHER ORDERED that Plaintiff's motion to concede to the R&R (ECF No. 74) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 75) is GRANTED;

IT IS FURTHER ORDERED that this case be referred to the Pro Bono Program for all purposes, including a settlement conference and trial. Counsel

may choose to take this case for the settlement conference only or trial too, if the case does not settle. Counsel must inform plaintiff and the Pro Bono Program Liaison regarding the scope of their representation when they agree to take the case.

DATED THIS 27th Day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE